IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TIJON COX | * | |
| | * | |
| | * | |
| v | * | Civil Action Case No. CCB-11-2659 |
| | * | |
| U.S. MARSHALS SERVICE | * | |
| HEADQUARTERS | * | |
| | * | |
| | *** | |

**MEMORANDUM**

TiJon Cox brings this action under the Federal Tort Claims Act ("FTCA") against the U.S. Marshals Service ("USMS")[1], claiming that he was "harassed" after he filed a complaint in the United States Court of Federal Claims. Pending is a Motion to Dismiss or, in the Alternative, for Summary Judgment filed by the United States.[2]  ECF No. 5.  The issues have been fully briefed and no oral argument is necessary. *See* Local Rule 105.6 (D.Md. 2011).  For the reasons stated below, defendant's motion to dismiss will be granted.

**BACKGROUND**

On May 9, 2011, the plaintiff filed a complaint in the United States Court of Federal Claims.[3]  On June 4, 2011, he sent a letter to the home address of U.S. Court of Federal Claims Judge Victor Wolski, who was the presiding judge in his case.  The letter contained a court filing.  On the exterior of the transmitting envelope was information pertaining to the plaintiff's military training.

---

[1] The United States has moved to substitute itself as the party defendant in lieu of the USMS. The United States is the only proper party defendant in actions brought under the Federal Tort Claims Act, *see* 28 U.S.C. §§ 1346(b), 2679(a); *Iodice v. United States*, 289 F.3d 270, 273 n. 1 (4th Cir. 2002), and the motion will be granted.

[2] Cox did not avail himself of the opportunity to file an opposition, but instead filed an "emergency motion to request expedite mediation." ECF Nos. 6 and 7.

[3] *See Cox v. United States*, Civil Action No. 1-11-cv-290-VJW.  Cox claimed violations of his rights under the First and Fifth Amendments due to errors allegedly committed in litigation against the Social Security Administration in *Cox v. Astrue*, No. 10-581 (D. Md. June 7, 2010), *aff'd*, 401 Fed. App'x 801 (4th Cir. 2010) (unpublished), and by the United States Army by "negligently" handling his discharge after he was diagnosed with multiple sclerosis.  On July 29, 2011, the Court of Claims granted Cox's motion to voluntarily dismiss the case.

On July 6, 2011, Judge Wolski's chambers notified Deputy United States Marshal (DUSM) Gregory Baxter that Cox had sent inappropriate correspondence to chambers. The letter alluded to John Allen Muhammad, the Washington, D.C. area sniper who shot and killed numerous people in 2002 and was executed in 2009. *See* ECF No. 5, Exh. 2 (USMS Report of Investigation, July 7, 2011). Specifically, Cox wrote:

> Plaintiff Background thirty years old served armed forces trained to track, intercept/stealth, plus long range target training (Regretfully similar to former soldier who got Executed because of his random long range actions in Maryland, DC Virginia areas. He had a known Medical History and was overlooked. Unfortunately you never forget that training and when your angry personality changes the person back into the Weapon).

*See id*. Cox also left telephone messages concerning his case with Judge Wolski's chambers. *See id*. DUSM Baxter telephoned Cox and advised him to send correspondence to the Clerk's Office, not Judge Wolski's residence. Cox agreed to comply. He told DUSM Baxter that he would no longer send his filings to Judge Wolski's home address. *See id*.

As part of their investigation, DUSM Baxter and an unnamed colleague interviewed Cox at his home. *See* ECF No. 5, Exh. 3 (USMS Report of Investigation, July 13, 2011). They questioned Cox to determine whether he posed a threat to Judge Wolski. During the interview, DUSM Baxter told Cox that if he continued to send correspondence to Judge Wolski's residence, he "could possibly be charged with harassment." *See id.* The investigation subsequently concluded that Cox did not pose a threat to Judge Wolski. *See id*.

## STANDARD OF REVIEW

### Motion to Dismiss for Lack of Subject Matter Jurisdiction

The United States is entitled to sovereign immunity and cannot be sued without its consent. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Accordingly, this court's jurisdiction over claims

against the United States is limited to the terms of the United States' consent to be sued. *See id.*; *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981).  The FTCA provides a limited waiver of sovereign immunity for torts committed by agents or employees of the United States acting within the scope of their employment. *See Williams v.United States*, 50 F.3d 299, 305 (4th Cir. 1995).  The FTCA, as a waiver of immunity, is "strictly construed, and all ambiguities are resolved in favor of the sovereign." *Robb v. United States*, 80 F.3d 884, 887 (4th Cir. 1996).  Claims brought against the United States under the FTCA may only proceed where the claimant has complied with certain exhaustion requirements, including presentation of the claim to the appropriate federal agency and denial of the claim by the agency. *See* 28 U.S.C. § 2675(a).

The proper procedure for analyzing whether the FTCA confers jurisdiction over an action against the United States is by way of a motion to dismiss pursuant to Rule 12(b) (1) of the Federal Rules of Civil Procedure.  *See Williams*, 50 F.3d at 304.  Plaintiff bears the burden of proving that subject matter jurisdiction exists because "[t]he party who sues the United States bears the burden of pointing to . . . an unequivocal waiver of immunity." *Id*. (alterations in original) (citation and internal quotation marks omitted).  Facts and exhibits outside of the pleadings may be considered by the court without converting the motion to dismiss into a motion for summary judgment. *See id.*; *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999).

**Motion to Dismiss for Failure to State a Claim under Fed. R. Civ. P. 12(b) (6)**

"[T]he purpose of Rule 12(b) (6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotation marks and alterations omitted) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)).  When ruling on such a motion, the court must "accept the well-pled allegations of the complaint as true," and

"construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). The factual allegations of a complaint "must be enough to raise a right to relief above the speculative level... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). The plaintiff must set forth sufficiently the "grounds of his entitlement to relief," and offer more than "labels and conclusions." *Id.* (internal quotation marks and alterations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009) (quoting Fed.R.Civ.P. 8(a) (2))

## ARGUMENT

Defendant asserts this case should be dismissed for lack of subject matter jurisdiction because the plaintiff failed to exhaust his administrative remedies, pursuant to 28 U.S.C. § 2675(a), prior to filing suit in this Court. The FTCA permits a limited waiver of sovereign immunity for an individual to sue the United States for personal injury caused by the alleged negligence or wrongful conduct of certain of its employees, *see* 28 U.S.C. § 1346(b), but first the individual must exhaust required administrative remedies before filing suit in federal court. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). The FTCA provides, in pertinent part, that an

action cannot be brought against the United States in federal court "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C.A. § 2675(a). Alternatively, an agency's failure to adjudicate the claim within six months after it is filed constitutes "a final denial of the claim" under the FTCA. *Id.* "[A] plaintiff must have exhausted administrative remedies **prior** to filing suit, or the case is subject to dismissal." *Messino v. McBride*, 174 F. Supp.2d 397, 399 (D. Md. 2001) (emphasis in original) (citing *McNeil*, 508 U.S. at 112).

In this case, the USMS received the plaintiff's administrative claim on August 12, 2011. *See* ECF No. 5, Exh. 4 (SF-95).[4] Cox filed the federal court complaint on September 16, 2011. *See* ECF No. 1. The USMS has not yet made a determination on Cox's administrative claim. This court lacks jurisdiction in this case because, at the time Cox filed suit here, "six months had not elapsed since the administrative claim was filed, nor had the claim been denied by the agency[.]" *Plyler v. United States*, 900 F.2d 41, 42 (4th Cir. 1990) (noting that "the district court had no jurisdiction at the time the action was filed"). Cox's commencement of suit in this court before receiving a decision from the USMS or the elapse of six months amounts to a failure to exhaust administrative remedies. The administrative exhaustion requirement "is jurisdictional and may not be waived." *Kokotis v. United States Postal Service*, 223 F.3d 275, 278 (4th Cir. 2000) (internal quotations omitted). Cox has not shown compliance with the administrative requirements of the FTCA, and the complaint will be dismissed pursuant to Rule 12(b)(1), for lack of subject matter jurisdiction for failure to exhaust administrative remedies.

---

[4] Court staff has been informed that in August and September of 2011, the USMS asked the plaintiff to provide additional information to substantiate his allegations and properly complete the SF-95 claim form. Cox has yet to provide the information needed to complete the claim and the matter remains pending.

Even if Cox had exhausted his administrative remedies, the complaint would be subject to dismissal for failure to state a cause of action under the FTCA. Cox neither alleges the USMS was negligent nor provides a factual basis to suggest negligence. Further, he does not allege that he suffered any harm as a result of the investigation. It bears noting that a primary mission of the USMS is protecting members of the federal judiciary. The investigation at issue here was conducted after the plaintiff sent inappropriate correspondence to a federal judge.

## CONCLUSION

For these reasons, the court will grant defendant's motion to dismiss. A separate order follows.

<u>November 29, 2011</u>             <u>         /s/                              </u>
Date                                 Catherine C. Blake
                                     United States District Judge